# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DOROTHY A. STEVENSON,
                  Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                  Agency.

DOCKET NUMBER
DA-0353-11-0060-X-1

DATE: September 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

C. B. Weiser, Esquire, Marshall, Texas, for the appellant.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in noncompliance with the November 3, 2011 initial decision, and the matter was

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

referred to the Board for consideration.[2] *See* 5 C.F.R. § 1201.183 (2012). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

¶2    On November 3, 2011, the administrative judge issued an Initial Decision granting the appellant's request for restoration to duty, and ordering the agency to pay the appellant appropriate back pay, with interest, and benefits. MSPB Docket No. DA-0353-11-0060-I-2, Initial Decision at 23 (Nov. 3, 2011). The decision became final on December 8, 2011, after neither party petitioned for review. MSPB Docket No. DA-0353-11-0060-X-1, Compliance Referral File (CRF), Tab 1 at 2.

¶3    The appellant filed a petition for enforcement, which the administrative judge granted on July 20, 2012. The administrative judge found the agency in noncompliance with the initial decision because it failed to accurately calculate her back pay and interest thereon, and to show that it made appropriate contributions to the appellant's Thrift Savings Plan (TSP) account. MSPB Docket No. DA-0353-11-0060-C-1, Recommendation at 3-6 (July 20, 2012). The administrative judge ordered the agency to "provide a detailed explanation establishing that it properly calculated the amount of back pay, overtime, and interest on back pay for the period from September 29, 2010, to March 30, 2012"; pay the amount owed; and "provide evidence that it has properly calculated the appellant's [Thrift Savings Plan (TSP)] contributions and made the requisite contributions to her TSP account." Recommendation at 6-7.

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for enforcement in this case was filed before that date. The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

¶4      On July 31, 2014, the Board issued an order finding the agency in partial compliance.  The Board found the agency in compliance with respect to back pay and interest based on the appellant's regular pay but found it not in compliance with respect to her overtime pay and TSP contributions.  CRF, Tab 5 at 3-4.  The Board ordered the agency to submit evidence that it had recalculated and paid the appellant overtime and interest on the overtime payment, as well as evidence that it had made the appropriate TSP contributions and deposits.  *Id.* at 4.  The Board advised the appellant that, if she did not respond to the agency's submission, the Board might assume she was satisfied and dismiss her petition for enforcement.  *Id.* at 5.

¶5      On August 21, 2014, the agency submitted evidence of purported compliance.  The agency explained that it had recalculated the appellant's overtime payment and interest on the overtime payment, and that the appellant had verbally stated that she agreed with the amounts and would sign the necessary forms so the agency could initiate the payment process.  CRF, Tab 7 at 4-7.  The agency also submitted evidence that it made the required TSP contributions.  CRF, Tab 7 at 30-33.  The appellant did not file a response to the agency's submission.

¶6      When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005).  The agency bears the burden to prove its compliance with a Board order.  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).

¶7      We find the agency in compliance with respect to the TSP contributions.  With respect to the overtime payment and interest thereon, the agency has submitted its calculations and narrative explanation but no evidence that it has

paid the appellant. Ordinarily we would not find the agency in compliance until it submitted evidence of actual payment. In this case, however, the agency stated that the appellant agreed to the amounts and that payment would be forthcoming shortly, and the appellant, although informed of the consequences of silence, did not file a response. Accordingly, we find that the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement. If, despite the agency's assurances, the appellant does not receive payment within a reasonable amount of time, she may file a second petition for enforcement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.